JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Timothy Browne, Edward Coppinger, Jr., & James Mink

**DEFENDANTS**

IBEW Local 98 & Local 98 Pension Plan

**(b)** County of Residence of First Listed Plaintiff    Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.
*(IN U.S. PLAINTIFF CASES ONLY)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

O'Hanlon Schwartz, 1500 JFK Blvd, Ste 1410, Phila., PA 19012. 267.546.9066

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from Another District *(specify)*    ☐ 6 Multidistrict Litigation - Transfer    ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 USC S. 621-34

Brief description of cause:
Age discrimination and breach of fiduciary duty

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 10,000,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____ DOCKET NUMBER _____

DATE
March 19, 2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: *Philadelphia, PA*

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1.  Does this case involve property included in an earlier numbered suit?  Yes ☐

2.  Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?  Yes ☐

3.  Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?  Yes ☐

4.  Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?  Yes ☐

5.  Is this case related to an earlier numbered suit even though none of the above categories apply?  If yes, attach an explanation.  Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☐ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.** *Federal Question Cases:*

- ☐ 1.  Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2.  FELA
- ☐ 3.  Jones Act-Personal Injury
- ☐ 4.  Antitrust
- ☐ 5.  Wage and Hour Class Action/Collective Action
- ☐ 6.  Patent
- ☐ 7.  Copyright/Trademark
- ☑ 8.  Employment
- ☐ 9.  Labor-Management Relations
- ☐ 10.  Civil Rights
- ☐ 11.  Habeas Corpus
- ☐ 12.  Securities Cases
- ☐ 13.  Social Security Review Cases
- ☐ 14.  Qui Tam Cases
- ☐ 15.  Cases Seeking Systemic Relief **\*see certification below\***
- ☐ 16.  All Other Federal Question Cases. *(Please specify):*_____

**B.** *Diversity Jurisdiction Cases:*

- ☐ 1.  Insurance Contract and Other Contracts
- ☐ 2.  Airplane Personal Injury
- ☐ 3.  Assault, Defamation
- ☐ 4.  Marine Personal Injury
- ☐ 5.  Motor Vehicle Personal Injury
- ☐ 6.  Other Personal Injury *(Please specify):*_____
- ☐ 7.  Products Liability
- ☐ 8.  All Other Diversity Cases: *(Please specify)*_____
  _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☑ **does** / ☐ **does not** have implications beyond the parties before the court and ☐ **does** / ☑ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☑  Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☑  None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIMOTHY BROWNE, EDWARD COPPINGER, JR. and JAMES MINK<br><br>Plaintiffs,<br><br>v.<br><br>INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL NO. 98 and LOCAL 98 PENSION PLAN,<br><br>Defendants. | CIVIL ACTION NO.:<br><br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiffs, Timothy Browne, Edward Coppinger, Jr., and James Mink by and through their counsel, O'Hanlon Schwartz P.C., bring this action against Defendants, International Brotherhood of Electrical Workers Local No. 98 and Local 98 Pension Plan and in support thereof, aver as follows:

## Introduction

1. Plaintiff Timothy Browne ("Plaintiff Browne"), Plaintiff Edward Coppinger, Jr. ("Plaintiff Coppinger") and Plaintiff James Mink ("Plaintiff Mink") (collectively, "Plaintiffs") bring this action as a class action for damages and injunctive relief pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA").

2. Defendants International Brotherhood of Electrical Workers Local 98 ("Defendant IBEW 98") and Local 98 Pension Plan ("Defendant Pension Plan") organized a scheme under which employees would lose eligibility for enhanced retirement benefits if they retired at any time other than between ages 57 and 61 pursuant to the terms and conditions of an early retirement incentive plan ("ERIP"). The ERIP represents an age-based policy that violates the American Age Discrimination in Employment Act, 29 U.S.C. §§ 621-34 ("ADEA") and the Pennsylvania Human Relations Act, 43

P.S. §§ 951-63 ("PHRA").

3. Said differently, because the availability of early retirement benefits pursuant to the ERIP drops to zero at age 62 and that adverse change of benefits is based solely upon age, Defendants have violated the ADEA and the PHRA.

4. Worse, Defendants affirmatively informed Plaintiffs and members of the proposed class that the ERIP fully complied with state and federal law.

5. As a result of implementation of the ERIP scheme and Defendants' efforts to conceal their age discrimination, Plaintiffs and members of the class have each been damaged in the amount of the ERIP benefits they should have received, in some instances totaling in excess of $100,000.00.

**Parties**

6. Plaintiff Browne is a citizen of the Commonwealth of Pennsylvania.

7. Plaintiff Coppinger is a citizen of the Commonwealth of Pennsylvania.

8. Plaintiff Mink is a citizen of the State of New Jersey.

9. Defendant IBEW 98 is a labor union with a principal place of business located at 4960 South 12th Street, Philadelphia, PA 19112.

10. Defendant Pension Plan is a pension plan that administers a pension plan for members of Defendant IBEW 98 including Plaintiffs and members of the proposed class with a principal place of business located at 4960 South 12th Street, Philadelphia, PA 19112.

**Jurisdiction & Venue**

11. This court has jurisdiction arising pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1331 (civil rights jurisdiction) because Plaintiffs are suing for a violation of their rights under the ADEA and the Taft-Hartley Act of 1947, 29 U.S.C. § 186(c).

12. Venue is proper under 28 U.S.C. § 1391(b) because the cause of action upon which the

complaint is based arose in Philadelphia, Pennsylvania which is in the Eastern District of Pennsylvania and all parties are and/or were domiciled within the District at relevant times.

13.    Venue in the Eastern District of Pennsylvania is also proper pursuant to 42 U.S.C. § 2000e-5(f)(3) because Plaintiffs' claims for relief arose out of their employment in Pennsylvania where all relevant events and omissions supporting Plaintiffs' claims for relief occurred.

14.    Plaintiffs filed their complaint of age discrimination within the Equal Employment Opportunity Commission ("EEOC") within 300 days of becoming aware of Defendants' acts of age discrimination.

15.    Plaintiffs also cross-filed their charge of discrimination with the Pennsylvania Human Relations Commission ("PHRC") on October 2, 2025 and December 17, 2025.

16.    The EEOC issued its Right to Sue letters dated January 6, 2026.

17.    Plaintiffs timely filed this action within 90 days of receipt of the January 6, 2026 Right to Sue letters.

18.    Plaintiffs have therefore exhausted their administrative remedies and timely filed this action.

**Factual Averments**

19.    Plaintiff Browne started his apprenticeship with Defendant IBEW 98 in 1965. Plaintiff Browne was obligated to fully join Defendant IBEW 98 which started his participation in the pension benefits run by Defendant Pension Plan and Plaintiff Browne was a journeyman electrician from 1970 until July of 1993. Plaintiff Browne worked for various union signatory contractors until July of 1993 when Plaintiff Browne was appointed as an assistant business manager of Defendant IBEW 98 and started his employment directly with Defendant IBEW 98. Plaintiff Browne was also head organizer and business representative. From 2014 until 2023, Plaintiff Browne was elected vice-president and

continued in a full-time position as assistant business manager and served as head organizer and business representative. Over the time as a member and business representative, various benefits changed, such as pension, healthcare and other benefits. All of these benefit changes were reviewed by counsel and approved by the Trustees of Defendants. Plaintiff Browne was informed that all pension benefits fully complied with the Taft-Hartley Act of 1947 and other laws.

20.    Plaintiff Coppinger started his apprenticeship with Defendant IBEW 98 in September of 1971. Plaintiff Coppinger was obligated to fully join Defendant IBEW 98 in February of 1972 which started his participation in the pension benefits run by Defendant Pension Plan. Plaintiff Coppinger worked for various union signatory contractors until October of 1996 when Plaintiff Coppinger was appointed as a business representative of Defendant IBEW 98 and started his employment directly with Defendant IBEW 98. Over the time as a member and business representative various benefits changed, such as pension, healthcare, etc. All of these benefit changes were reviewed by counsel and approved by the Trustees of Defendants. Plaintiff Coppinger was informed that all pension benefits fully complied with the Taft-Hartley Act of 1947 and other laws.

21.    Plaintiff Mink started his apprenticeship with Defendant IBEW 98 in July of 1969. Plaintiff Mink was obligated to fully join Defendant IBEW 98 which started his participation in the pension benefits run by Defendant Pension Plan. At the time of retirement in May of 2007, Plaintiff Mink was serving as vice president of Defendant IBEW 98, business agent, and executive board member.

22.    In February of 2025, Plaintiff Browne learned that a former member of Defendant IBEW 98 that Defendants were illegally running a discriminatory ERIP without notifying members of the nature and illegality of same. In order to have a valid ERIP, Defendants were legally obligated to notify members that: (1) differences in benefits could not be based upon the age when a member

4

retires: (2) an ERIP must be voluntarily entered into and cannot be mandatory; (3) ERIP benefits cannot be decreased based upon increasing age; and (4) an ERIP may not utilize an upper age limit or age-based window for eligibility. Mr. Imparato informed Plaintiff Browne that Defendants had violated all aspects of this rule but had failed to inform members. Mr. Imparato had previously raised the issue with Defendants. Upon learning of these ongoing issues, Plaintiff Browne raised these and related issues with Defendants but Defendants did not remedy the situation.

23. More specifically, as of September 2017, the ERIP provided as follows:

## SECTION IV

## SUPPLEMENTAL BENEFIT

**IN ORDER TO QUALIFY FOR THE EARLY RETIREMENT SUPPLEMENTAL BENEFIT PAYABLE TO AGE 62, A PARTICIPANT MUST:**

- Have been an active participant in December 1993 and January 1994 (as of these dates, working in covered employment; or actively seeking work in covered employment but no work was available; or on short-term disability)

- Be an active participant when application is made for benefits.

- Be an active participant the months before the pension effective date.

- Subsequent to a separation from covered employment (measured in whole calendar month,) return to covered employment for at least the same number of whole calendar months equal to the separation period.

- Be at least age 57 and the sum of age plus number of years of Credited Service equals at least 83 (for retirements effective on or after January 1, 1999.)

**QUALIFICATIONS FOR THE SUPPLEMENTAL BENEFIT LEVELS:**

- Sum equals 82 to 83 equals $750 Monthly Supplemental Benefit.

- Sum equals 84 or more with less than 30 years of Credited Service equals $900 Monthly Supplemental Benefit.

- Sum equals a minimum of 88 with at least 30 years of Credited Service equals $2,000 Monthly Supplemental Benefit.

5

Please note that, even if you have 88 or more points at retirement, you must have a minimum of 30 years to qualify for the maximum supplement. For example:

Age 57 with 30 years =87 ($900 Supplemental Entitlement due to sum)
Age 58 with 29 years =87 ($900 Supplemental Entitlement due to sum and less than 30 years)
Age 59 with 29 years =88 ($900 Supplemental Entitlement due to less than 30 years)
Age 60 with 29 years =89 ($900 Supplemental Entitlement due to less than 30 years)
Age 61 with 29 years =90 ($900 Supplemental Entitlement due to less than 30 years)

THIS SUPPLEMENTAL BENEFIT IS PAYABLE TO THE EARLIER OF THE RETIREE'S DATE OF DEATH OR HIS/HER AGE 62. THE SUPPLEMENT IS NOT INCLUDED IN ANY SURVIVOR BENEFITS.

24.    The provision concerning the incentive retirement has the effect of discriminating against older employees. Said differently, employees older than 61 can never be eligible for the ERIP under any circumstances.

25.    Yet Defendant IBEW 98's counsel affirmatively reassured Plaintiffs that the ERIP complied with all applicable laws and in doing so misled Plaintiffs.

26.    Plaintiffs submitted charges of discrimination to the EEOC on October 2, 2025 within 300 days of discovering the illegal practices of Defendant IBEW 98.

27.    Plaintiffs submitted supplemental charges of discrimination to the EEOC on December 17, 2025 within 300 days of discovering the illegal practices of Defendant Pension Plan. This occurred because counsel for Defendant IBEW 98 stated that Defendant Pension Plan was responsible for pension-benefit related issues.

28.    Right to Sue letters were issued by the EEOC on January 6, 2026.

29.    The within complaint has been filed within 90 days of receipt of the January 6, 2026 Right to Sue letter.

30.    In March 2025, shortly after discovering that the ERIP violated state and federal law, Defendants advised Plaintiffs that they were changing the relevant pension plan to comply with state

6

and federal law as a result of a lawsuit filed by Vincent Imparato on September 27, 2024, in the District Court for the Eastern District of Pennsylvania captioned *Vincent Imparato v. International Brotherhood of Electrical Workers Local Union No. 98 Pension Plan Trust or Trustees*, Civil Action No. 2:24-cv-5081-GJP, alleging age discrimination.

31.    Defendants criminally violated the Taft-Hartley Act of 1947, 29 U.S.C. § 186(c), by purposefully engaging in illegal activity and repeatedly informing Plaintiffs and other class members that actions were legal and supported by counsel when such age-discriminatory acts could not have been legal and were not, in fact, legal and Defendants, thereby, engaged and continue to engage in illegal concealment.

32.    Defendants attempt to shield each other by falsely stating that there was a difference between each Defendant entity in order to allegedly comply with the Taft-Hartley Act. This is false and criminal. In reality, there was and continues to be no distinction between Defendants and the individuals engaged in criminality therewith. Criminally convicted individuals, John Dougherty and Brian Burrows, were centrally involved in both Defendant entities. Todd Nielson was and is involved in both entities. Peter Vaccaro, Charles McDonald, Jeffrey Scarpello, and Mark Lynch were or are involved in both entities.

33.    Each Defendant criminally misused funds and concealed benefits to which Plaintiffs and the class are entitled.

### Class Action Allegations

34.    Plaintiffs seek to certify a class of older employees who were excluded from receipt of enhanced retirement benefits by Defendants. Plaintiffs will seek to certify the class pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(2) for the purpose of obtaining declaratory and monetary relief.

7

35.      **Class Definition:** Plaintiffs bring each claim set forth herein pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(2) on behalf of the following persons: All employees of Defendants subject to the IBEW Local 98 ERIP whose retirement was forced upon them by Defendants while Defendants failed to inform those individuals that the forced retirement contravened federal law.

**Rule 23(a)**

36.      **Numerosity.** The members of the class are so numerous that joinder of all members is impracticable. Although the precise number of class members is unknown to Plaintiffs at the present time, it can be ascertained by cross referencing the records available to Defendants and the number is estimated at being approximately 250.

37.      **Commonality.** Common questions of law and fact exist as to all members of the class, and predominate over any questions affecting solely individual members of the class.

38.      Among the questions of law and fact common to the members of the class are the following:

   a) Whether Defendants committed acts of age discrimination by implementing an ERIP which conditioned early retirement benefits based on an employee's age?
   b) Whether Defendants committed acts of age discrimination by implementing an ERIP which reduced early retirement benefits based on an employee's age?
   c) Whether the policies, concealment, and/or practices of Defendants violate the ADEA and federal criminal law relating to criminal concealment and misuse of pension funds?
   d) Whether and what types and amounts of damages should be awarded to Plaintiffs and the members of the proposed class?

39.      **Typicality.** Plaintiffs' claims are typical of the claims of other members of the class they seek to represent because all claims result from the same acts of Defendants' in forcing retirement upon members and not notifying members that the forced retirement contravened federal law. The claims of the Plaintiffs arise from the same pattern or practice and rely upon the same legal theories

8

and factual allegations that the challenged pattern or practice violates the ADEA

40.     **Adequacy.** Plaintiffs will fairly and adequately represent and protect the interests of the members of the class and have no interests in conflict with other members of the class. Plaintiffs' three attorneys have approximately thirty-eight (38) years of experience litigating various matters in the United States District Court for the Eastern District of Pennsylvania, with a focus on employment discrimination. Plaintiffs intend to pursue this matter vigorously.

**Rule 23(b)(2)**

41.     This action is also properly maintainable as a class action under Rule 23(b)(2) of the Federal Rules of Civil Procedure. Defendants have violated age discrimination laws in the same manner as to all members of the class and have acted and/or refused to act on grounds generally applicable to the class, making appropriate declaratory and injunctive relief with respect to Plaintiffs and the proposed class they seek to represent.

42.     Defendants expressly excluded older workers from receiving the benefit of the ERIP. Plaintiffs and the class seek a declaration that the age discrimination challenged in this action is unlawful.

## COUNT I: ADEA AGE DISCRIMINATION
## PLAINTIFFS AGAINST DEFENDANTS

43.     Plaintiffs incorporate by reference all of the allegations stated above as though repeated and set forth in full herein.

44.     Defendants engaged in unlawful employment practices in violation of the ADEA, as amended, by discriminating against Plaintiffs based on their age.

45.     Defendants have discriminated against Plaintiffs because the ERIP allowed workers that retired between the ages of 57 and 61 to receive $2,000 per month. The ERIP illegally affects older union members, such as Plaintiffs, who decide to retire at a later age that other employees.

9

46.     The impact of the ERIP is discriminatory in its impact on older employees such as Plaintiffs.

47.     Defendants were illegal running a discriminatory ERIP without notifying members of the nature and illegality of same and Defendants criminally concealed same and hid information from Plaintiffs and class members.

48.     The age discrimination was purposeful, intentional, and willful and undertaken by Defendants. Defendants repeatedly concealed their discrimination and knowingly and falsely informed Plaintiffs and class members that the ERIP complied with federal and state law.

49.     Because the age discrimination was intentionally egregious, willful, and wanton and, because it was participated in by Defendants and its upper management, liquidated damages are warranted to, *inter alia*, deter similar future conduct by Defendants and other similar entities.

50.     Plaintiffs have exhausted the administrative requirements necessary to maintain this action as they filed charges of discrimination with the EEOC and have received a Right to Sue letter from the EEOC.

51.     As a direct and proximate result of Defendants' unlawful actions, Plaintiffs have suffered damages, including but not limited to lost wages and benefits.

### COUNT II: PENNSYLVANIA HUMAN RELATIONS ACT AGE DISCRIMINATION
### PLAINTIFFS AGAINST DEFENDANTS

52.     Plaintiffs incorporate by reference all of the allegations stated above as though repeated and set forth in full herein.

53.     The charges of discrimination filed by Plaintiffs were cross-file with the Pennsylvania Human Relations Commission.

10

54.     Plaintiffs have complied with all of the administrative prerequisites for maintaining this action under the Pennsylvania Human Relations Commission.

55.     The conduct described above violates the PHRA and Plaintiffs request relief under the PHRA.

## COUNT III: BREACH OF FIDUCIARY DUTY UNDER THE EMPLOYEE RETIREMENT INCOME SECURITY ACT (ERISA), 29 U.S.C. §§ 1001 ET SEQ. PLAINTIFFS AGAINST DEFENDANTS

56.     Plaintiffs incorporate by reference all of the allegations stated above as though repeated and set forth in full herein.

57.     Defendants each had discretionary authority over the management, administration and assets of the pension plan and, accordingly, over the unlawful ERIP.

58.     Defendants failed to inform Plaintiff and the members of the proposed class that the ERIP did not comply with law.

59.     Defendants affirmatively informed Plaintiffs that the ERIP complied with law.

60.     The ERIP does not comply with law because the ERIP's provision concerning the incentive retirement has the effect of discriminating against older employees; employees older than 61 can never be eligible for the ERIP under any circumstances.

61.     Defendants were aware of the effect of their misrepresentation and silence as Plaintiffs and members of the proposed class made decisions regarding their retirement under the false impression made by Defendants that the ERIP complied with law. Indeed, Defendants deliberately created this confusion.

62.     Plaintiffs and each member of the class were damaged by Defendants by virtue of lost ERIP benefits they should have received, in some instances totaling in excess of $100,000.00.

11

## Prayer for Relief

WHEREFORE, Plaintiffs request that this court enter judgment in their favor and against Defendants and request the following relief:

a. Declare that the pattern or practice described above violates various state and federal law;

b. Certify a class under Rule 23(a), (b)(2) of the Federal Rules of Civil Procedure, appoint Plaintiffs' counsel as class counsel, appoint the Plaintiffs as the class representatives;

c. Require Defendants to pay Plaintiffs and members of the class for the economic harm they have suffered due to age discrimination, as well as treble and punitive damages to discourage the degree of fraud engaged in by Defendants and to promote legal actions and forthrightness. Defendants have wantonly engaged in repeated acts of gross fraud with a willful disregard for the interests of Plaintiffs and members throughout several states.

d. Required Defendants to pay for all costs of this action, including, but not limited to, attorneys' fees, expert fees, and court costs; and

e. Grant such other and further relief as the court deems proper.

## Demand for Jury Trial

Plaintiffs hereby demand a jury trial.

Respectfully submitted,

**O'HANLON SCHWARTZ, P.C.**

_____

Stephen T. O'Hanlon, Esquire

DATED: March 19, 2026

12

**O'HANLON SCHWARTZ, P.C.**
BY:    Stephen T. O'Hanlon, Esq. (PA Bar #208428)
       Israel A. Schwartz, Esq. (PA Bar #327623)
       Noah A. Schwartz, Esq. (PA Bar #307835)
2 Penn Center, Suite 1410
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102
Tel: (267) 546-9066
Fax: (215) 563-6617
steve@ohanlonschwartz.com
izzy@ohanlonschwartz.com
noah@ohanlonschwartz.com
*Attorneys for Plaintiffs and the Proposed Class*